UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAMUEL SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 18-12516-LTS |
| MCKESSON MEDICAL SURGICAL INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 25)

November 13, 2019

SOROKIN, J.

Plaintiff Smith is currently an inmate at Old Colony Correctional Center ("OCC").[1] Smith's claims arise out of the treatment of a wound on his right leg. Doc. No. 11 at 1. He first requested treatment for the wound in September 2018, at which point he was prescribed thirty days of Bacitracin and Band-Aids. Id. at 2-3. Smith subsequently returned to medical services after experiencing a burning sensation near the wound. Id. at 3. On October 1, 2018, Smith was taken to Lemuel Shattuck Hospital ("LSH") where he was examined and referred to dermatology for a punch biopsy. Id. He was then returned to OCC with instructions to care for the wound. Id. at 3-4.

Nonetheless, Smith's symptoms worsened, and he was taken back to LSH on December 14, 2018. Id. at 6. He was admitted for a week and given intravenous antibiotics before being returned to OCC. Id. On December 28, 2018, Smith was returned to LSH where he was admitted

---

[1] The Court recounts the facts as drawn from the submissions on the pending motion for injunctive relief along with Smith's Amended Complaint. See Doc. Nos. 11, 25, 29.

for twenty days and treated with additional antibiotics. Id. at 6-7. After his discharge, Smith reported that his leg was feeling better. However, by the end of February 2019, Smith reported that he was experiencing issues with the wound and he was prescribed additional antibiotics. Id. at 8. Smith continues to experience pain, swelling, and numbness in his right leg over a year after he first sought treatment. Doc. No. 25 at 3. Initially, Smith brought suit against the manufacturer of the Band-Aids he was prescribed, alleging various state law claims, and the medical staff who treated him, alleging the staff members violated his constitutional rights. Doc. No. 11 at 8-9. Smith has since filed this motion for preliminary injunction seeking a court order that he be taken "to an outside hospital other than Lemuel Shattuck Hospital to address the pain and suffering" with his wound. Doc. No. 25 at 3.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). The party seeking a preliminary injunction bears the burden of establishing that these four factors weigh in its favor. Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). The likelihood of success is the critical factor of the analysis. Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 674 (1st Cir. 1998).

In order to prove a constitutional violation based on inadequate medical care, a prisoner must satisfy two elements: "(1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014). A serious medical need is "one that has been diagnosed by a physician as mandating treatment, or one that is so

2

obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). This prong does not impose a duty on prison administrators to provide ideal care or care of the prisoner's choosing. Kosilek, 774 F.3d at 82. "Rather, the Constitution proscribes care that is so inadequate as to shock the conscience." Id. at 83 (internal citation omitted).

Even if the medical care at issue is inadequate enough to satisfy the objective prong, a prisoner is still required to show deliberate indifference on the part of prison administrators. Deliberate indifference can be purposeful behavior like withholding medical treatment as a form of punishment, or wanton disregard in delaying or denying care "akin to criminal recklessness, requiring consciousness of impending harm, easily preventable." Kosilek, 774 F.3d at 82 (internal citations and quotation marks omitted).

After careful consideration of the record before the Court, the Court concludes Smith has not met his burden on either of the two required prongs of the test articulated by the Kosilek court. Thus, the Motion for Preliminary Injunction is DENIED. That said, it is concerning that Smith has reported that he continues to suffer from significant symptoms, including recurrent wound issues, despite three separate trips to LSH and ongoing treatment. Therefore, Defendants shall file a status report within twenty-one days explaining the treatment Smith has received in the last three months.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge