UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAMUEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-cv-12516-LTS |
| | ) | |
| MCKESSON MEDICAL SURGICAL, | ) | |
| INC., JOHN DOE, JOHN STRAUSS, M.D., | ) | |
| EMILY HOLMES, JESSICA LABELLE, | ) | |
| and NADI BERNARD, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER ON MOTIONS TO DISMISS AND APPOINT COUNSEL (DOC. NOS. 19, 42, 49)</u>

January 9, 2020

SOROKIN, J.

Plaintiff Samuel Smith has sued, amongst others, several medical professionals who now move to dismiss the case.[1] Doc. No. 19. Smith's Amended Complaint invokes 42 U.S.C. § 1983 as a basis for the Court's jurisdiction over this case. Doc. No. 11 at 2. Though there are no section 1983 claims listed in the "Claims for Relief" section of the Amended Complaint, the Amended Complaint does list a series of one sentence claims that all sound in state law. <u>Id.</u> at 8-9 (including claims brought under Massachusetts statutes and Massachusetts tort law, such as a claim brought under the implied warranty of merchantability). Giving Smith's pro se filing the benefit of a liberal construction, see <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), the Court construes his Amended Complaint as meaning to allege that the medical treatment he received

---

[1] This motion to dismiss was brought jointly by Defendants John Strauss, Emily Holmes, Jessica LaBelle, and Nadi Bernard.

violated the Eighth Amendment of the U.S. Constitution.  See Reaves v. Dep't of Correction, 195 F. Supp. 3d 383, 407 (D. Mass. 2016) ("The Eighth Amendment is the source of the principles that govern the permissible conditions under which prisoners are held, including the medical treatment those prisoners must be afforded.") (internal quotation marks omitted).

"[T]o prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014).  Smith's Amended Complaint fails plausibly state a violation of the Eighth Amendment.  By Smith's own allegations, he was seen and treated regularly by the medical staff, including two referrals to outside hospitals for further treatment.  Doc. No. 11 at 6-7.  When Smith was initially treated, he was prescribed Bacitracin and his wound was covered to prevent infection.  Id. at 3.  As Smith's symptoms worsened and he complained to prison staff, medical professionals responded with more aggressive treatment, including strong antibiotics delivered via an IV.  Id. at 6.  Smith was never denied treatment, nor did medical professionals disregard his symptoms.  Given these facts, Smith's Amended Complaint plainly fails to state a section 1983 claim.

The claim arising under section 1983 is the only basis for federal subject matter jurisdiction over the dispute.  Indeed, the additional claims advanced in Smith's Amended Complaint arise under state law.  Doc. No. 11.  The parties to this action are not diverse; Smith and the medical professionals who have jointly moved to dismiss are all Massachusetts residents.  Given the dismissal of Smith's only federal law claim at this early juncture, the Court declines to exercise supplemental jurisdiction over his remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  See Perkins v. City of Attleboro, 969 F. Supp. 2d 158, 179 (D. Mass. 2013); Roche

v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996) (finding dismissal of state law claims "appropriate if [a] federal-question claim is eliminated early in the proceedings").

For these reasons, the motion to dismiss brought by Defendants John Strauss, Emily Holmes, Jessica LaBelle, and Nadi Bernard (Doc. No. 19) is ALLOWED. The remaining claims in the Amended Complaint are DISMISSED for lack of subject matter jurisdiction. Defendant McKesson's motion (Doc. No. 42) is TERMINATED AS MOOT. Finally, Smith's motion to appoint counsel (Doc. No. 49) is DENIED WITHOUT PREJUDICE. The Clerk shall close this case.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge